## Henry Rice *versus* John Catlin

In an action upon a promissory note it appeared, that the defendant had assigned his property in trust to pay the note in suit, after certain other debts should be paid; that there was no express stipulation in the assignment, on the part of the creditors that the plaintiff assented to the assignment and claimed the benefit of it, but that it was not executed by him; and that no part of the proceeds had been received by him. It was *held*, that these facts did not constitute a bar to the action; but that the Court might, in its discretion, grant a delay of judgment, to give reasonable time for the property to be converted into money and applied according to the provisions of the assignment.

Assumpsit upon three promissory notes made by the late firm of Samuel and John Catlin. The action was commenced against both members of the firm, but process was served on John Catlin alone, and the action was prosecuted against him only. The writ was dated August 22, 1831.

At the trial, before *Shaw* C. J., it appeared, that on November 13, 1826, the firm having become embarrassed in their affairs, assigned their personal property to Pliny Arms, upon trust, that he should, out of the proceeds thereof, pay the notes in question, after certain debts due to the assignee and others, should be paid. There was no express stipulation in the assignment on the part of the creditors. On November 17, 1826, Samuel Catlin made a similar assignment of real estate to Orlando Ware, Pliny Arms and Daniel Wells. The plaintiff assented to these assignments and claimed the benefit of them, but did not become a party by executing them.

It was contended, that the property would be sufficient, f applied according to the provisions of the assignments, to pay the notes in question, but it was admitted that no part of the proceeds had been received by the plaintiff.

The judge was of opinion, that these assignments afforded no defence to the action, and the defendant was thereupon de-

19 *

Rice
*v.*
Catlin.

faulted, subject to the opinion of the whole Court upon the facts and legal construction of the assignments. The default was to stand, or to be taken off and a nonsuit entered, or a new trial to be granted, as the Court should order.

*Sept. 24th.*

*Dewey* and *Bates*, for the defendant, cited *Bull* v. *Loveland*, 10 Pick. 9.

*Wells* and *Alvord* for the plaintiff.

*Sept 26th.*

*Per Curiam.* Upon inspection of the two assignments referred to, it is obvious, that although they purported, among other things, to be made upon trust, to pay over certain proceeds, if any should remain, after the payment of many other preferred debts, to the use of the plaintiff, in satisfaction of his demands, yet there is no express or implied stipulation on the part of the plaintiff to release, discharge or suspend his claims, and nothing by implication of law binding on him, except that he would receive the proceeds, when paid, at the hands of the trustees ; and it would result as an inference of law, that when received, this payment would extinguish and discharge his debt, either in whole or *pro tanto*, as it should or should not prove sufficient for the purpose. Such being the nature and legal effect of these assignments, they afford no ground of defence to this action. The debt being proved, to constitute a good defence, there must be either payment, accord and satisfaction, or a release. But a mere pledge or collateral security, not yet productive, from which no actual satisfaction has been realized, is no bar. It may, under certain circumstances, afford ground for a claim on the Court, in its discretion, for a delay of judgment, to give reasonable time for the assigned effects to be converted into money and applied according to the terms of the trust.

*Judgment for the plaintiff on the default*